IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT JACKSON and MARIA JACKSON )
*Individually, and on behalf of all others similarly situated*, )
)
)   2:11-cv-28
Plaintiffs, )
)
v )
EME HOMER CITY GENERATION L.P., HOMER CITY )
OL1 LLC, HOMER CITY OL2 LLC, HOMER CITY OL3 )
OLC, HOMER CITY OL4 LLC, HOMER CITY OL5 LLC, )
HOMER CITY OL6 LLC, HOMER CITY OL7, HOMER )
CITY OL8, NEW YORK STATE ELECTRIC AND GAS )
CORPORATION, PENNSYLVANIA ELECTRIC )
COMPANY, EDISON MISSION ENERGY, MISSION )
ENERGY HOLDING CO and EDISON )
INTERNATIONAL, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are the following motions: EME HOMER CITY GENERATION, L.P., EDISON MISSION ENERGY, MISSION ENERGY HOLDING CO., AND EDISON INTERNATIONAL'S MOTION TO DISMISS (Document No. 39); NEW YORK STATE ELECTRIC & GAS CORP. AND PENNSYLVANIA ELECTRIC COMPANY'S MOTION TO DISMISS (Document No. 41); and DEFENDANTS HOMER CITY OWNER-LESSORS' MOTION TO DISMISS (Doc. No. 43). Defendants filed briefs in support of their respective motions (Document Nos. 40, 42, 44); Plaintiffs filed an omnibus response and brief in opposition to the motions (Document No. 55); and Defendants filed reply briefs (Document Nos. 58-61).

Procedural History

The procedural posture of this case (the "Class Action") is somewhat unique. After the Defendants filed their respective motions to dismiss, Plaintiffs Scott and Maria Jackson ("the

1

Jacksons"), with leave of court, filed a five-count First Amended Complaint on the same day that they filed their brief in opposition to the pending motions. Ordinarily, the filing of a First Amended Complaint would render motions to dismiss the original Complaint moot. However, in this case, the parties filed a "motion by agreement" to deem the motions to dismiss as responses to the First Amended Complaint, which the Court granted. Defendants then filed their respective reply briefs. Accordingly, the motions to dismiss the First Amended Complaint are ripe for disposition.

In addition, there was a similar, related case pending before the Court. In Civil Action No. 11-19, the United States of America, Commonwealth of Pennsylvania Department of Environmental Protection ("PADEP"), State of New York and State of New Jersey asserted similar claims against most, but not all, of the Defendants in this case (the "Government Action"). Both cases allege that construction projects in 1991 and 1994 at the Homer City coal-fired power plant were undertaken without the owners/operators having applied for and/or obtained a permit, in violation of the PSD and Title V provisions of the federal Clean Air Act. Both cases also allege violations of the Pennsylvania Air Pollution Control Act as a result of those construction projects. In ¶ 40 of the First Amended Complaint, the Jacksons acknowledge the existence of the Government Action. Indeed, they incorporate by reference into their First Amended Complaint the allegations pled in the Government Action. *See* First Amended Complaint ¶ 41 ("As set forth in part in the United States' Complaint (the facts and violations alleged therein are incorporated herein by reference)…"). On October 12, 2011, the Court issued a Memorandum Opinion and Order through which the Government Action was dismissed with prejudice.

This Class Action is not entirely duplicative of the Government Action, however. The Jacksons initiated this action individually and on behalf of a class of others similarly situated. Also, additional corporate entities are named as Defendants: Edison Mission Energy, Mission Energy Holding Co. and Edison International are alleged to be related to EME Homer City Generation L.P. This Class Action asserts several different state law causes of action that were not raised in the Government Action, including alleged violations of the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 P.S. §§ 6020.101-6020.1305, and common law claims for trespass, private nuisance and negligence.[1]

The Court has subject-matter jurisdiction over the Class Action case pursuant to 28 U.S.C. § 1331(federal question jurisdiction), based on the federal Clean Air Act claims. The Court may exercise supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

Discussion

This Court has original subject-matter jurisdiction over the federal Clean Air Act claims. There is no general private right of action under the Clean Air Act. Instead, Congress empowered "the Administrator" of the United States Environmental Protection Agency ("EPA") to litigate civil actions to redress violations of the Act. *See* 42 U.S.C. § 7413(b). The Jacksons are private citizens, who are not authorized to commence civil actions under § 7413(b). However, Congress provided a "citizen suit" remedy in 42 U.S.C. § 7604. Section 7604(a)(1) provides that "any person" may commence an action "against any person" who is alleged to have

---

[1] Intervenors PADEP and New York asserted a public nuisance claim in the Government Action. Paragraph 1 of Plaintiffs' First Amended Complaint references a battery claim, but no such count is actually pled.

3

violated an emission standard or limitation.² The Jacksons fit comfortably within this statutory language. However, the "citizen suit" provision also provides that "No action may be commenced . . . (B) *__if the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard, limitation, or order__*." 42 U.S.C. § 7604(b) (emphasis added). As the United States Supreme Court explained in *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n*, 453 U.S. 1, 14 (1981): "In view of these elaborate enforcement provisions it cannot be assumed that Congress intended to authorize by implication additional judicial remedies for private citizens."

In this case, it is undisputed that the United States and several States commenced and have diligently prosecuted a civil action in this Court (Civil Action No. 11-19) to compel compliance with the PSD and Title V provisions of the Clean Air Act based on, *inter alia*, the same 1991 and 1994 projects that are at issue in this Class Action. The First Amended Complaint explicitly acknowledges the existence of the Government Action and incorporates by reference the allegations pled in that case. ¶¶ 40-41. Because the governments have filed suit, the Jacksons may not pursue a duplicative "citizen suit." *See Glazer v. American Ecology Env. Servs. Corp.*, 894 F. Supp. 1029, 1034 (E.D. Tex. 1995) (citizen suit is proper when state and federal authorities have declined to utilize their enforcement authority) (citations omitted). Accordingly, the federal Clean Air Act claims in this Class Action must be dismissed with prejudice.

Pursuant to 28 U.S.C. § 1367(c): "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims

---

² Section 7604(a)(3) also authorizes a citizens suit "against any person who proposes to construct or constructs any new or modified a major emitting facility without a [PSD permit] … or to be in violation of a PSD permit." However, the Court rejected the underlying PSD claims in the Government Action.

over which the district court has original jurisdiction,  (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  For the reasons set forth above, the Court will dismiss the federal Clean Air Act claims over which it has original jurisdiction.  The remaining state law claims raise novel and complex issues of state law and discovery has not yet commenced.  Accordingly, the Court declines to exercise supplemental jurisdiction and will dismiss the state law claims, without prejudice to the Jacksons' ability to pursue them in state court.

Leave to Amend

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *accord Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*  In non-civil rights cases, however, a plaintiff must seek leave to amend and submit a draft amended complaint. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252-53 (3d Cir. 2007).  Plaintiffs have not sought additional leave to amend in this case.  Defendants raised Plaintiffs' inability to pursue federal Clean Air Act claims in response to the initial Complaint. *See, e.g*., Document No. 40 at 4-7.  Plaintiffs subsequently filed a First Amended Complaint, which did not remedy this shortcoming.  Moreover, the Court concludes that in light of the Government Action, it would be futile for the Plaintiffs to attempt to assert a federal Clean Air Act claim.  In summary, the motions to dismiss will be **GRANTED** and the case will be docketed closed.

5

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCOTT JACKSON** and **MARIA JACKSON** *Individually, and on behalf of all others similarly situated*, | ) ) ) |
| **Plaintiffs**, | ) 2:11-cv-28 ) ) |
| v | ) |
| **EME HOMER CITY GENERATION L.P., HOMER CITY OL1 LLC, HOMER CITY OL2 LLC, HOMER CITY OL3 OLC, HOMER CITY OL4 LLC, HOMER CITY OL5 LLC, HOMER CITY OL6 LLC, HOMER CITY OL7, HOMER CITY OL8, NEW YORK STATE ELECTRIC AND GAS CORPORATION, PENNSYLVANIA ELECTRIC COMPANY, EDISON MISSION ENERGY, MISSION ENERGY HOLDING CO** and **EDISON INTERNATIONAL**, | ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## ORDER OF COURT

AND NOW, this 13th day of October, 2011, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that EME HOMER CITY GENERATION, L.P., EDISON MISSION ENERGY, MISSION ENERGY HOLDING CO., AND EDISON INTERNATIONAL'S MOTION TO DISMISS (Document No. 39); NEW YORK STATE ELECTRIC & GAS CORP. AND PENNSYLVANIA ELECTRIC COMPANY'S MOTION TO DISMISS (Document No. 41); and DEFENDANTS HOMER CITY OWNER-LESSORS' MOTION TO DISMISS (Doc. No. 43) are **GRANTED.** The federal Clean Air Act claims are **DISMISSED WITH PREJUDICE**.

The Court declines to exercise supplemental jurisdiction over the remaining state law claims arising under the Pennsylvania Air Pollution Control Act, the Pennsylvania Hazardous Sites Cleanup Act, and common law claims for trespass, private nuisance and negligence. These

state law claims are **DISMISSED WITHOUT PREJUDICE** to re-file in state court.  The clerk shall docket this case closed.

                                                    BY THE COURT:

                                                    s/Terrence F. McVerry
                                                    United States District Judge

cc:    **Peter M. Villari, Esquire**
       Email: pvillari@villarilaw.com
       **Paul D. Brandes, Esquire**
       Email: pbrandes@villarilaw.com
       **James M. Jones, Esquire**
       Email: jmjones@jonesday.com
       **Brian J. Murray, Esquire**
       Email: bjmurray@jonesday.com
       **Daniel E. Reidy, Esquire**
       Email: dereidy@jonesday.com
       **Kevin P. Holewinski, Esquire**
       Email: kpholewinski@jonesday.com
       **Rebekah B. Kcehowski, Esquire**
       Email: rbkcehowski@jonesday.com
       **Andrew N. Sawula, Esquire**
       Email: asawula@schiffhardin.com
       **Stephen J. Bonebrake, Esquire**
       Email: sbonebrake@schiffhardin.com
       **Beth Kramer, Esquire**
       Email: BKramer@crowell.com
       **Chet Thompson, Esquire**
       Email: CThompson@crowell.com
       **Jeffrey Poston, Esquire**
       Email: JPoston@crowell.com
       **Peter T. Stinson, Esquire**
       Email: pstinson@dmclaw.com
       **W. Alan Torrance , Jr., Esquire**
       Email: atorrance@dmclaw.com
       **Kathy K. Condo, Esquire**
       Email: kcondo@bccz.com
       **Mark K. Dausch, Esquire**
       Email: mdausch@bccz.com